# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) ) Plaintiff, ) ) vs. ) ) Kemani Dabney, ) ) Defendant. ) | **ORDER GRANTING APPEAL FROM MAGISTRATE JUDGE'S ORDER OF DETENTION**<br><br>Case No. 3:21-cr-36-3 |

Before the Court is the Government's motion to revoke release order as to Defendant Kemani Dabney ("Dabney"), filed on February 24, 2022. Doc. No. 760. To that end, the Government seeks revocation of an order by Magistrate Judge Jonathan J.C. Grey of the Eastern District of Michigan that Dabney be released on bond, and subject to conditions. See Doc. No. 739. The Government contends that there is no condition or combination of conditions for release could reasonably assure his appearance at future proceedings and the safety of other persons and the community. See Doc. No. 749, pp. 1-2. Dabney responded in opposition on March 17, 2022. Doc. No. 777.

On September 15, 2021, a grand jury returned a multi-count superseding indictment against Dabney, among others.[1] Doc. No. 543. Specifically, Dabney is charged with conspiracy to distribute and possess with intent to distribute controlled substances and maintaining a drug-involved premises. Id. On February 9, 2022, Dabney was arrested in the Eastern District of Michigan. Doc. No. 728. Two days later, Judge Grey presided on presided over Dabney's detention hearing and ordered him released on bond, subject to conditions. Id. That release order was then stayed pending further review by this Court. See id.; Docs. No. 738, 766.

---

[1] Dabney was first indicted on February 17, 2021. Doc. No. 2.

Review of a magistrate judge's pretrial release order is de novo. See 18 U.S.C. § 3145(a)(1); United States v. Maull, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc). Pretrial detention is appropriate if the Government proffers clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). When a defendant is charged with "an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," a rebuttable presumption in favor of detention arises so long as probable cause supports the charge. 18 U.S.C. § 3142(e)(3)(A). "In a presumption case . . . a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) (quoting United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." Id.

Addressing the preliminary requirements, probable cause supports the conspiracy to possess with intent to distribute and distribute a controlled substance charge. The grand jury determined as much, and the evidence against Dabney summarized in the Government's brief and exhibits supports this conclusion. See Doc. No. 750. Because the charged offense falls under the Controlled Substances Act and carries a maximum term of imprisonment of at least ten years, the presumption of detention arises. See 18 U.S.C. § 3142(e)(3)(A). However, Dabney's release plan meets the burden of production required to rebut the presumption.

Accordingly, the Court is required to consider four factors to determine whether detention is appropriate: (1) the nature and circumstances of the crime; (2) the weight of the evidence; (3) the history and characteristics of the defendant, including character, family ties, employment, community ties, criminal history, and past conduct; and (4) the seriousness of the danger to the community or to an individual. 18 U.S.C. § 3142(g); Abad, 350 F.3d at 797. On review, a district court may rely on evidence that the magistrate judge had on the record before it, as well as newly developed evidence. See Maull, 773 F.2d at 1484; see also United States v. Freitas, 602 F. Supp. 1283, 1293 (N.D. Cal. 1985).

First, the Court will consider the nature and circumstances of the crime. Without question, Dabney is charged with a serious crime. In presuming that detention is appropriate in drug trafficking cases, Congress considers the nature of such offenses to militate in favor of detention even where the presumption has been rebutted. See Abad, 350 F.3d at 798. The nature of the crime itself—which relates to high-level drug distribution—weighs heavily in favor of detention.

Under the second factor, the Court considers the weight of the evidence against Dabney. While the Government provided some evidence in support of its motion, the Court is not convinced that the weight of the evidence is as substantial as the Government asserts.[2] Therefore, the Court finds this factor weighs neither for nor against detention.

As to the third factor, the Court considers the history and characteristics of Dabney, including his character, family ties, employment, community ties, criminal history, and past conduct. Dabney is 22 years old and has lived in Detroit his whole life.[3] Dabney is employed as

---

[2] Though not dispositive, the Court notes that while the Government asserts that the weight of the evidence against Dabney is strong in its briefing before this Court, see Doc. No. 749, p. 7, at the detention hearing in the Eastern District of Michigan the Government acknowledged that the weight of the evidence was "likely a tie."

[3] For the last three years, Dabney has lived with his girlfriend and girlfriend's grandmother.

3

a part-time driver and also works part-time with his uncle doing construction work. While Dabney has no criminal history, he does have ten bench warrants for failing to appear on various traffic infractions. The Court is quite concerned with these ten bench warrants, as they show a lack of respect for the law and tend to suggest that Dabney is a flight risk. On balance, this third factor weighs slightly in favor of detention.

The final factor the Court considers is the seriousness of the danger to the community or to an individual. The Eighth Circuit Court of Appeals has recognized "the congressional determination that large scale drug trafficking is a serious danger to the community and . . . that either danger to the community or risk of flight is sufficient to authorize detention." United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1992) (ellipses in original) (quoting United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986)). Here, there is more than enough evidence that Dabney is a flight risk. Critically, Dabney has failed to appear in several other judicial proceedings and additional information provided by the Government gives the Court pause.[4] As such, whether Dabney is a flight risk weighs in favor of detention in this case. Additionally, Dabney is charged with conspiracy in a drug trafficking case—a crime that raises serious community safety concerns. On these facts, the Court does not agree that the combination of conditions as set forth by Judge Grey will reasonably assure Dabney's appearance at further proceedings in North Dakota and assure the safety of the community.

---

[4] The Government additionally argues that Dabney is a flight risk because of his alleged social media postings on Instagram, which it alleges indicates that Dabney was aware of the indictment. Doc. No. 749, pp. 5-6. These social media postings give the Court serious pause. Nevertheless, based the specific facts of this case, the Court is hesitant to give the social media postings significant weight in determining whether Dabney knew about the indictment and is a flight risk.

In sum, while it is a close call, on balance the Court finds that the four-factors ultimately weigh in favor of detention. Having reviewed the record, the appeal (Doc. No. 760) is **GRANTED**. The Court **ORDERS** Dabney detained pending trial.

**IT IS SO ORDERED**.

Dated this 22nd day of March, 2022.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court
